# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JAMES HENRY,<br>2. DAWN HENRY,<br><br>     Plaintiffs,<br><br>v.<br><br>1. STATE FARM FIRE AND CASUALTY<br>   COMPANY, A Foreign For Profit<br>   Insurance Corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-14-305-R<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A.  Parties

1. Plaintiffs, James Henry and Dawn Henry, are citizens of the State of Oklahoma.

2. Defendant, State Farm Fire and Casualty Company, is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3. The principal place of business for Defendant, State Farm Fire and Casualty Company, is Bloomington, Illinois.

4. The Defendant, State Farm Fire and Casualty Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto the Plaintiffs, James Henry and Dawn Henry, owned property located at 112 SW 10th Street, in Moore, Oklahoma.

8. On or about May 20, 2013, Plaintiffs' home and personal property were damaged as the result of a tornado and wind.

9. At all times material hereto, the Plaintiffs, James Henry and Dawn Henry, were insured under the terms and conditions of homeowners insurance policy, policy number 36-CV-4617-7, issued by the Defendant, State Farm Fire and Casualty Company.

10. At all times material hereto, Plaintiffs, James Henry and Dawn Henry, complied with the terms and conditions of their insurance policy.

11. Wind and tornado damage are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, State Farm Fire and Casualty Company.

### D. Count I Breach of Contract

12. Plaintiffs, James Henry and Dawn Henry, hereby assert, allege and incorporate paragraphs 1-11 herein.

13. The property insurance policy number 36-CV-4617-7, issued by Defendant, State Farm Fire and Casualty Company, was in effect on May 20, 2013.

14. The acts and omissions of Defendant, State Farm Fire and Casualty Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendant's breach of contract includes, but is not limited to, its failure to pay Plaintiffs for covered personal property, the application of excessive depreciation, treating the Plaintiffs adversely and with hostility and failing to conduct a reasonable investigation of the Plaintiffs' claim. The Defendant's acts and omissions resulted in the Plaintiffs being paid less than what they are owed under their policy for the damages to their home and personal property.

15. The Defendant's failure to pay these covered damages is unreasonable and amounts to a breach of the insurance contract because the damages are the result of the May 20, 2013 tornado, a loss which is explicitly covered by the terms and conditions of the policy issued by Defendant.

### E. Count II Bad Faith

16. Plaintiffs, James Henry and Dawn Henry, hereby assert, allege and

incorporate paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, State Farm Fire and Casualty Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

18. Defendant's unreasonable and bad faith actions include, but are not limited to, its willful and unreasonable failure to pay Plaintiffs for covered personal property, willfully and unreasonably applying excessive depreciation, and willfully and unreasonably failing to conduct a reasonable investigation of the Plaintiffs' claim.

19. Upon receiving a low initial estimate from the Defendant, Plaintiffs had questions regarding the adjustment of their claim and contacted State Farm. The Defendant treated its insureds with hostility and stated that it had already adjusted the claim and that it was "closed", refusing to consider evidence that the insureds submitted which indicated that additional monies were owed for covered damages.

20. Plaintiffs were forced to hire an engineer to re-inspect the property with the Defendant. Upon re-inspection, the Defendant increased its estimate but still refused to pay for covered damages to Plaintiffs' contents, including those damaged by water which intruded during the storm. Defendant, also in bad faith, applied a depreciation rate to Plaintiffs' property which was excessive, outside of insurance industry standards, and not commensurate with the actual condition of Plaintiffs'

property prior to the loss.

21. Defendant also acted in bad faith by refusing to pay for the cost associated with Plaintiffs' procurement of an engineer. Despite the fact that Defendant has a pattern and practice of paying for these costs on other claims, Defendant's adjuster fraudulently and maliciously averred to the Plaintiffs that the Defendant never pays for such costs. Defendant's adjuster made this assertion in bad faith, with knowledge of its falsity.

### F. Count III Punitive Damages

22. Plaintiffs, James Henry and Dawn Henry, hereby assert, allege and incorporate paragraphs 1-21 herein.

23. The unreasonable conduct of the Defendant, State Farm Fire and Casualty Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby sought.

### G. Demand for Jury Trial

24. The Plaintiffs, James Henry and Dawn Henry, hereby request that the matters set forth herein be determined by a jury of their peers.

### H. Prayer

25. Having properly pled, Plaintiffs, James Henry and Dawn Henry, hereby seek contractual, bad faith and punitive damages against the Defendant, State Farm

Fire and Casualty Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**